IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| United States of America, : | |
| Plaintiff, : | |
| : | CIVIL NO. WDQ-09-2688 |
| v. : | |
| : | |
| Tonya Redden, : | |
| Defendant. : | |

…o0o…

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Default Judgment, Paper No. 8, filed by the United States of America. On April 26, 2010, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to review the Government's Motion and make recommendations regarding damages. Paper No. 10. I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Local Rule 105.6. For the reasons stated herein, I recommend that the Government's Motion for Default Judgment be GRANTED and that damages be AWARDED, as set forth herein.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On October 14, 2009, the Government filed a complaint against Defendant Tonya Redden, alleging that Defendant "fail[ed] to comply with the repayment guidelines of the Public Access to Court Electronic Records (PACER) system" as detailed in the system's terms of use. Compl. ¶ 2, Paper No. 1. According to the Government, Ms. Redden "assumed the responsibility for all fees incurred by the usage of the account," and therefore is indebted in the amount of $2,832.00 for unpaid fees resulting from the use of the PACER system. *Id.* at ¶ 3.

The Government attached a "Certificate of Indebtedness" supporting this claim, signed by Ted C. Willmann, the Branch Chief of the PACER service center. Compl. Ex. B, Paper No. 1-3. With his certification, Mr. Willmann enclosed a letter that he had sent to Defendant on January 1, 2007, explaining Defendant's responsibility for fees related to the use of her PACER account. The letter, also attached to the Complaint, stated that the use of the Pacer system would be billed at a rate of $0.08 per page, and identified possible actions against Defendant in the event of a failure to pay. Compl. Ex. A, Paper No. 1-2.

On October 14, 2009, the Government sent Defendant a Notice informing her that if she signed the waiver of service that the Government enclosed, she would have until December 13, 2009, to file a timely answer to the Complaint. Paper No. 2. The Government attached a copy of the Complaint to the Notice. Paper No. 2-1. On November 4, 2009, Defendant signed the form waiving service of a summons in this action, and she returned it to the Government. Paper No. 5. Defendant did not file an Answer, and on March 26, 2010, Judge William D. Quarles directed counsel to provide a status report or before April 9, 2010. Paper No. 6.

On April 6, 2010, the Government moved for Entry of Default, Paper No. 7, and the Clerk entered an Order of Default, April 15, 2010. Paper No. 9.

The Government filed a Motion for Default Judgment on April 6, 2010, asking the Clerk to enter a judgment against Defendant in the amount of $2,832.00 plus "interest at the legal rate for the date of judgment until paid in full, and costs for filing fees in the amount of $350.00 pursuant to 28 U.S.C. § 1914." Paper No. 8. In support thereof, the Government filed a declaration by Mr. Willmann, who was the custodian of records for Defendant's PACER account, stating that as of March 5, 2010, Defendant owed the Government $2,832.00. Paper No. 8-1.

## II. DISCUSSION

### A. Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *See Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974), *reversed on other grounds*, 533 F.2d 891 (3d Cir. 1976) (concluding that clerk could not enter default judgment where damages were not liquidated).

If the sum is not certain or ascertainable through computation, Rule 55(b)(2) provides:

> [T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006),

> The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D.Md. 2005).

In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages, as discussed *infra*. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts

3

by the judgment, and is barred from contesting on appeal the facts thus established.'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see* Fed. R. Civ. P. 8(b)(6); *Agora Fin., LLC v. Samler*, No. WDQ-09-1200, slip op. at 4 (D. Md. June 17, 2010) (Report & Recommendation, quoting *Ryan*, 253 F.3d at 780-81); 10A WRIGHT, MILLER & KANE, FED. PRAC. & PROC. § 2688 (3d ed. Supp. 2010). Nonetheless, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." FED. PRAC. & PROC. § 2688; *see Ryan*, 253 F.3d at 790 ("'The defendant is not held . . . to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" (quoting *Nishimatsu*, 515 F.2d at 1206)); *Agora Fin., LLC*, No. WDQ-09-1200, slip op. at 4 (quoting *Ryan*, 253 F.3d at 780-81); *see also Ohio Cent. R.R. v. Cent. Trust Co.*, 133 U.S. 83, 91 (1890) (stating that even though plaintiff's allegations may be taken as true and "the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree"); *e.g.*, *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that "Plaintiff's pleadings, taken as true, establish all of the alleged violations").

As noted, Defendant waived service of the Complaint on November 4, 2009, but never pleaded or otherwise asserted a defense.[1] Thus, all of the Governments' factual allegations not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. The Government moved for both an entry of default and a default judgment on April 6, 2010, and Defendant still did not respond. It is within the court's discretion to grant default judgment when

---

[1] Defendant had sixty days from October 14, 2009, the date of the Government's Notice requesting waiver, to respond. Fed. R. Civ. P. 4(d)(3).

a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (holding that entry of default judgment was proper because defendant had been properly served with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment). Eight months have passed since Defendant received the Complaint, yet she still has not responded. Thus, if the Government has established Defendant's liability, the Court should grant default judgment.

With regard to liability, the Government indicated on its Civil Cover Sheet that it claims breach of contract. Paper No. 1-1. A breach of contract is "'a failure without legal excuse to perform any promise which forms the whole or part of a contract. . . .'" *In re Ashby Enters., Ltd.*, 250 B.R. 69, 72 (Bankr. D. Md. 2000) (quoting *Connecticut Pizza, Inc. v. Bell Atlantic-Washington, D.C., Inc.*, 193 B.R. 217, 225 (Bankr. D. Md. 1996)) (quoting *Weiss v. Sheet Metal Fabricators, Inc.*, 110 A.2d 671, 675 (Md. 1955)). A contract exists where there is "mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004).

As noted, the Government submitted as evidence a February 4, 2009 letter to Defendant, which provided the terms and conditions of Defendant's use of the PACER system. Compl. Ex. A. The letter stated that "[b]y logging into PACER," Defendant would "acknowledge [she] read, understood and agree[d] to the terms and conditions," and that Defendant would be charged $0.08 per page accessed through "any search, regardless of the number of pages viewed, printed,

or downloaded," and $0.08 for any search that yielded no matches. *Id.* The Government also submitted Mr. Willmann's declaration and certificate, as evidence that Defendant accessed the system and incurred use charges of $2,832.00. Compl. Ex. B. Thus, the letter constituted the Government's offer; Defendant's use of the PACER system was her acceptance of the contract; and the $0.08 per page fee for use of the system is sufficient consideration that a contract arose. *See CTI/DC, Inc.*, 392 F.3d at 123. The definite terms included Defendant's promise to pay $0.08 per page. Mr. Willmann's declaration and certificate are also evidence that Defendant did not pay as promised, and Defendant has not offered any excuse for her nonperformance. Therefore, based on the evidence submitted by the Government, Defendant breached the contract and is liable to the Government. *See In re Ashby Enters., Ltd.*, 250 B.R. at 72. Because the Government has established Defendant's liability, a default judgment is proper.

   **B. Damages**

An allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *see Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages."); *see also Ryan*, 253 F.3d at 780 ("[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

Therefore, on default judgment, the Court only may award damages without a hearing if the record supports the damages requested. *See, e.g.*, *Pentech*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against Defendant because Plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against Defendant because Plaintiff submitted invoices documenting the money owed to Plaintiff); *see also Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (noting that an entry of default judgment "in no way obviates the need for determinations of the amount and character of damages," but an evidentiary hearing is not required if "all essential evidence is already of record"); *Maloney v. Disciples Ltd., LLC*, No. 1:06CV00124, 2007 WL 1362393, at *2 (M.D.N.C. May 8, 2007) (noting that, in cases concerning default judgments and promissory notes, "it is not necessary to conduct a hearing and . . . damages may be determined by way of affidavit and other documentary evidence"). Proceeding without a hearing is the exception: "Claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007); *see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (same).

Here, the Government claims $2,832.00 in damages in its Complaint and its Motion for Default Judgment. As noted, the Government submitted the letter that Defendant received prior to using the PACER system, stating the terms and conditions of use, as well as Mr. Willmann's declaration and "Certificate of Indebtedness." Mr. Willmann certified that Defendant owed a total of $2,832.00 in connection with the use of the PACER system. Because the Government presented sufficient evidence to support the amount of damages claimed, I recommend that the Court award $2,832.00 in damages, plus interest at the legal rate from the date of judgment until paid in full. *See Pentech*, 2009 WL 1872535, at *2; *DirecTV*, 2005 WL 3435030, at *2; *JTH Tax, Inc.*, 2006 WL 1982762, at *3.

### C. Costs

The Government also requests $350.00 in costs for the court filing fee. As the prevailing party, the Government is entitled to costs other than attorney's fees, absent a federal rule, statute, or court order to the contrary. Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1914(a) provides that the cost of filing a civil lawsuit in a U.S. District Court is $350.00. *See also* Schedule of Fees, http://www.mdd.uscourts.gov/publications/forms/feesnew.pdf (June 29, 2009) (fee for filing suit in U.S. District Court for District of Maryland is $350.00). Therefore, I recommend that the Court award the Government $350.00 in costs.

### III. CONCLUSION

In sum, I recommend that:

(1) the Court grant the Government's Motions for Default Judgment;

(2) the Court award the Government $2,832.00 in damages, plus interest at the legal rate from the date of judgment until paid in full; and

(3) the Court award the Government $350.00 in costs.

The parties have fourteen (14) days in which to file objections to this Report and Recommendation pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Dated: June 30, 2010 _____/s/_____
Paul W. Grimm
United States Magistrate Judge


lmy